BARTON-PARKER MANUFACTURING, CO. v. MILLER MERCAN-
TILE CO., *a Corporation.*

(Filed February 13, 1907.)

**BEST EVIDENCE—Copy of Letter.** Where the execution of a con-
tract is the issue being tried, and the plaintiff introduces a let-
ter claimed to have been received from the defendant, relating
to the contract, and defendant denies the writing or sending
of such letter, and offers a copy of a letter which he testified
he did write and sent to plaintiff, it is error to receive such copy
in evidence without accounting for the original.

(Syllabus by the Court.)

*Error from the Probate Court of Comanche County; before
W. H. Hussey, Trial Judge.*

*Burton & Feely,* for plaintiff in error.

*A. J. King,* for defendant in error.

Opinion of the court by

GILLETTE, J.:    In this case the only question propounded
for the consideration of this court is one touching the ad-
missibility of evidence.

The action was brought by the plaintiff in error to re-
cover upon a contract of purchase of certain jewelry, which
is claimed the defendant made at Walters, O. T.    The de-
fendant denies the making of the contract and denies the
purchase of the goods and refused to receive the same when
shipped to him by the plaintiff.

Upon the trial the plaintiff, by its secretary and treasurer testified to the receipt by the plaintiff of the order for the goods signed Miller Merch. Co. and to maintain the issue on its part offered in evidence the order and contract for the goods,. and a letter received by the plaintiff in the following words:

"Walter, Okla., 8-11-1904.

"Barton Parker Mfg. Co.,
   "Cedar Rapids, Iowa.
      "Gentlemen:
      "Yesterday I gave your salesman, H. B. Ewing order for $180.00 jewelry. As we are making some changes we will *not* handle this class of trade. We *cancel* the *order* for this time: Later we may enlarge to handle this line.

"Yours Truly,
(Signed in typewriting.)        "MILLER MERCH. Co.
(With pen and ink.)                 "By R. E. M.
                                              "VEA"

To which letter the plaintiff replied:

"Cedar Rapids, Iowa, 8-13-04.

"Miller Merchantile Co.
   "Walter, Okla.
      "Gentlemen:
      "We have your favor of the 11th inst. requesting us to cancel the order you gave our Mr. Ewing on the 10th. This order has been approved and the goods were shipped yesterday, and as we have already paid Mr. Ewing his commission on the deal it will be impossible for us to accept the countermand. We trust, therefore, that you will receive the goods and send us a list of names at your earliest convenience so that the advertising plan may be put into effect at once.

"A. T. SWENSON."
(Written in ink at bottom) "Answered 8-15-1904"

Also a letter as follows:

"Walter, Okla. 8-16-1904.

"Barton Parker Mfg. Co.,

"Cedar Rapids, Iowa.

"Gentlemen:

"Your inv. of jewelry is at the station at your disposal. This is *final*. The same day that order was given it was cancelled, and the goods were not out of your house on receipt of cancellation.

"Truly Yours,

"R. E. MILLER."

Mr. Miller denied in his testimony the writing, mailing or signing the letters above set forth, of 8-11-04 and 8-16-04 purporting to have been signed by him, and denied that the signatures were his signatures.

He stated in his testimony that he did write the plaintiff on those dates, and offered in evidence copies of the letters he so wrote, the first as follows:

"Walter, Okla. 8-11-1904.

"Barton Parker Mfg. Co.,

"Cedar Rapids Iowa.

"Gentlemen:

"Your salesman has left a contract on my desk purporting to be a contract of sale made to me.

"I have not ordered of him and positively will not receive if shipped.

"I stated to him clearly that we were only a grocery house at present and were not in the market for jewelry at present.

"Truly Yours

"MILLER MERC. Co.

"By R. E. M."

The second as follows:

"Walter, Okla., 8-16-1904.

"Barton Parker Mfg. Co.,
    "Cedar Rapids Iowa.
        "Gentlemen:
        "Answering yours of the 13th inst. will state that I did not order your goods and will not receive them if shipped. This is *final*.

"MILLER MERC. Co.
"By R. E. M."

It is the introduction in evidence of the last two letters that is complained of as error in this case, upon the ground that the letters which had been forwarded to the plaintiff, had not been demanded of the plaintiff and no notice given of a purpose to introduce copies, and being for that reason incompetent to introduce what purported to be a copy of a letter, which was the nature of the evidence offered.

The issue in the case was the making of a contract. Neither of the letters introduced in evidence was any part of that contract. They were collateral to the issue that was being tried, their contents were evidentiary facts which tended on the one side to establish the fact that the contract sued on had been made and entered into, and on the other hand denying this. When the plaintiff had introduced what purported to be the letters of the defendant received by due course of mail, which letters if written by the defendant were a confession of the execution and delivery of the contract, and required a denial to defeat judgment as prayed for in the petition, the defendant by R. E. Miller did deny them and the execution of them, and stated that they were

not signed by him as they purported to be, and that the letters he did write were such as he offered copies of, which copies were received in evidence over the plaintiff's objection, that they were not the best evidence.

It is the receipt of these letters in evidence and the consideration of them that is complained of as error in this case. Under the practice in this territory, evidentiary writing which has passed between the parties to an action may be had one from the other by a compliance with the provisions of sections 4554, 4555 and 4556, Wils. Ann. Stat.

In this case, no demand whatever was made by the defendant upon the plaintiff for a copy of the written communication from defendant to plaintiff, which was offered and received in evidence over the objection of plaintiff. The defendant was permitted to offer such objectionable writing, without attempting to verify it with any letter or writing which the plaintiff had received from him, and as such written communication was made in part the basis of the defendant's right to recover in the action, we are of the opinion that it was not properly received by the court upon the trial of the cause, and amounted only to a self serving declaration of the party introducing it.

Another objection in this case to the testimony offered arose upon the introduction by the defendant of a copy of the contract sued on, which was found upon defendant's office desk after the agent of plaintiff had left defendant's place of business. An examination of the copy shows it to be an exact copy of the original introduced by the plaintiff and relied upon as the basis of plaintiff's cause of action, omitting

signatures thereto. This could not have benefited or prejudiced either party and prejudicial error could not therefore be based thereon.

For the error here determined in the trial in the court below the judgment of the lower court is reversed and the cause remanded with directions to vacate the judgment entered and to sustain the motion for a new trial.

All the Justices concurring.